834 F.2d 1152
 14 Media L. Rep. 2013
 In re the Matter of THE NEW YORK TIMES COMPANY, New York
News Inc. and The Associated Press,
Intervenors-Appellees-Cross-Appellants.
UNITED STATES of America,
v.
Mario BIAGGI and Meade Esposito, Defendants,
Meade Esposito, Defendant-Appellant-Cross-Appellee.
 Nos. 517, 555, Docket 87-1422, 87-1450.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 3, 1987.
Decided Dec. 10, 1987.
 
 Edward Brodsky, New York City (Spengler Carlson Gubar Brodsky & Frischling, Thomas H. Sear, Robert J.A. Zito, Rhonda D. Orin, of counsel), for defendant-appellant-cross-appellee.
 Deborah R. Linfield, New York City (New York Times Co., New York City, Coudert Brothers, Laura R. Handman, Henry J. Uscinski, Rogers & Wells, New York City, Richard N. Winfield, David A. Schulz, Thomas J. Lilly, of counsel), for intervenors-appellees-cross-appellants.
 Before FEINBERG, Chief Judge, and PIERCE and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Meade Esposito appeals from an order of the United States District Court for the Eastern District of New York, Jack B. Weinstein, Ch.J., dated September 22, 1987, granting in part a motion by The New York Times Company, New York News Inc. and the Associated Press to make public certain motion papers filed under seal in connection with the criminal prosecution of Congressman Mario Biaggi and Meade Esposito. The motion papers were filed in connection with a pretrial motion to suppress evidence obtained by electronic surveillance pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. Sec. 2510 et seq., and a pretrial motion pursuant to Rules 403 and 404 of the Federal Rules of Evidence to preclude the use at trial of a particular wiretapped conversation. The order was entered after hearings in the district court on September 18 and 21, 1987, following this court's remand in In re The New York Times Co., 828 F.2d 110 (2d Cir.1987) ("New York Times I "). Appellees cross-appeal, challenging the judge's redactions, if any, that go beyond the identities of strictly private citizens not previously identified with this or any other prosecution, investigation or matter of public concern. The procedural history of the case prior to our remand to the district court is described fully in our opinion in New York Times I and will not be repeated here. We will assume the reader's familiarity with that opinion. We add now only that after our opinion in New York Times I, defendants Esposito and Biaggi were acquitted on some charges and convicted on others, and have appealed the latter convictions.
 
 
 2
 Following the issuance of the mandate in New York Times I, Judge Weinstein held hearings on the motion of appellees to determine what portions, if any, of the sealed papers that had been the subject of the appeal in New York Times I should be released and what portions should remain under seal. The judge released certain papers, apparently including the papers that were filed in connection with defendants' pretrial motion pursuant to Rules 403 and 404 of the Federal Rules of Evidence, and redacted portions of the documents filed in connection with defendants' suppression motion. Although Judge Weinstein was clearly concerned with the prejudicial impact that disclosure would have on the privacy interests of certain parties named in those documents, he stated in his September 22 order that
 
 
 3
 [f]urther redactions are not practicable without making the document[s] almost meaningless since the prejudicial material is woven throughout. Publication of the unredacted portions is probably unfair to at least some of those named. They are accused of serious crimes without being charged and given the right of defense.
 
 
 4
 The judge also stated, in the September 21 hearing, that such disclosure "will be pernicious with respect to future motions by defense counsel. It will have a chilling effect...." The judge concluded, however, that he was bound by our decision in New York Times I "to minimize redaction in view of First Amendment considerations." On September 23, 1987, this court granted appellant's motion for a stay of Judge Weinstein's order pending appeal and, on October 9, 1987, granted appellees' motion for an expedited appeal. Thereafter, the appeal came before another panel of this court, which by order dated November 17, 1987, referred the appeal to this panel.
 
 
 5
 Appellant's main claim to us is that the district court did not comply with the directions of this court in New York Times I. Examination of the record does reveal that Judge Weinstein may have thought that New York Times I mandated the disclosure of the sealed material without further redaction, if such further redaction would result in a document that was "almost meaningless." Since we did not intend New York Times I to require such a result, we vacate the September 22 order and remand the case to the district court.
 
 
 6
 Redaction is permissible under New York Times I even if redaction will render "almost meaningless" the documents to be disclosed, if the district judge finds that important Title III privacy interests cannot otherwise be protected and such privacy interests outweigh the public's interest in access. We did not mean to imply in New York Times I that the privacy interests protected by Title III should necessarily take a back seat to a qualified First Amendment right of access. Indeed, our opinion made clear that Title III incorporates a very important right of privacy and that in applying the balancing test mandated by Press-Enterprise Co. v. Superior Court, --- U.S. ----, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1 (1986), the right of privacy incorporated in Title III "should weigh heavily in a court's balancing equation." New York Times I, 828 F.2d at 116.
 
 
 7
 On remand, Judge Weinstein should make specific findings as to the scope and nature of the Title III privacy interests at stake and decide whether, in his balancing equation, those privacy interests are of sufficient weight to justify more extensive redaction than provided for in the September 22 order even if the remaining document becomes "almost meaningless." In view of our disposition of the case, it is not necessary to address appellees' cross-appeal at this time.
 
 
 8
 Vacated and remanded to the district court for further proceedings consistent with this opinion.