**UNITED STATES of America,**

v.

**Ivan F. BOESKY, Defendant.**

**No. 87 Cr. 378(MEL).**

United States District Court,
S.D. New York.

Dec. 16, 1987.

Rudolph W. Giuliani, U.S. Atty., New York City, for plaintiff (John K. Carroll, Asst. U.S. Atty., of counsel).

Fried, Frank, Harris, Shriver & Jacobson, New York City (Leon Silverman, of counsel), Wilmer, Cutler & Pickering, Washington, D.C. (Robert B. McCaw, of counsel), for defendant Ivan F. Boesky.

Cahill Gordon & Reindel, New York City, for American Lawyer Newspapers Group, Inc. (Floyd Abrams, Devereux Chatillon, Diane Kiesel, of counsel).

LASKER, District Judge.

The American Lawyer Newspaper Group, Inc. ("American Lawyer") moves to unseal or gain access to papers relating to the impending sentence of Ivan Boesky: in particular, the presentence report of the Probation Department and the memorandum submitted by Mr. Boesky as well as

---

letters sent to the court on his behalf. Prior to the filing of this motion, both Mr. Boesky's and the United States Attorney's sentencing memoranda have been made public in edited form. I have reviewed these documents and am satisfied that the only material deleted from their original versions is matter the disclosure of which would impair the integrity of on-going law enforcement investigations.

This leaves for consideration the American Lawyer's request for access to the presentence report prepared by the Probation Department of this court and letters submitted to the court on behalf of Mr. Boesky. As to the latter, some 35 are attached to the presentence memorandum of the defendant and, therefore, are no longer in contention. The remaining few letters which the court has received are either letters from the defendant's immediate family which are obviously of a confidential nature or letters from third parties, the text of which are such as to leave me with the strong impression that the writers presumed that their letters would be confidentially treated, although the letters themselves do not say so.

■ At argument on the motion, counsel for the American Lawyer took the position that, under the law of this Circuit, a presumption exists in favor of disclosing the contents of a presentence report which can be overcome only by specific findings of the court that non-disclosure is in the interest of justice. In support of this contention counsel relied on two decisions of the Court of Appeals of this Circuit, *United States v. Charmer Industries, Inc.*, 711 F.2d 1164 (2d Cir.1983) and *Matter of New York Times Co.*, 828 F.2d 110 (2d Cir.1987). In *Charmer* the Court of Appeals held that a

district court should not authorize disclosure of a presentence report to a third person in the absence of compelling demonstration that disclosure of the report is required to meet the ends of justice,

711 F.2d at 1175, and that the burden was on the party seeking disclosure to establish a particularized need for the material sought.

In *New York Times*, 828 F.2d at 116, the court held that access to pretrial motion papers in a criminal proceeding should not be denied the public unless

specific, on the record findings are made demonstrating that "closure is essential to preserve high values and is narrowly tailored to serve that interest."

(citing *Press Enterprise Co. v. Superior Court*, ("Press–Enterprise II") 478 U.S. 1, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1 (1986) which, in turn, cited *Press Enterprise v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984)).

American Lawyer argues that the decision in *New York Times* qualifies the holding in *Charmer* and that, accordingly, the presentence report must be made available to third parties unless the District Court makes specific findings that closure is necessary in order to preserve higher values and is narrowly tailored to serve that interest.

■ I find nothing in the *New York Times* decision to support the argument its prescription was intended to apply to presentence reports or to qualify the rule of *Charmer*. To the contrary, it is significant that the *New York Times* court relied heavily on *Press–Enterprise II* which *distinguished* proceedings on pretrial motions from grand jury proceedings in explaining why the former might be more readily disclosable, whereas *Charmer*, 711 F.2d at 1174, *analogizes* presentence reports to grand jury proceedings in explaining why they should ordinarily *not* be disclosable.[1] Accordingly, I conclude that *Charmer* is

---

1. In the context of this motion, it is interesting to note that in a follow-up decision in *Matter of The New York Times Co.*, 834 F.2d 1152, 1154 (2d Cir.1987) the court remarked:

We did not mean to imply in *New York Times I* that the privacy interests protected by Title III should necessarily take a back seat to a qualified First Amendment right of access. Indeed, our opinion made clear that Title III

incorporates a very important right of privacy and that in applying the balancing test mandated by *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1 (1986), the right of privacy incorporated in Title III "should weigh heavily in a court's balancing equation." *New York Times I*, 828 F.2d at 116.

controlling on this motion and that American Lawyer has not met its burden of establishing a particularized need for the material contained in the presentence report.

Nevertheless, because of the significant public interest in this case, and the seriousness of the presentation made by the parties in this motion, I have further reviewed the presentence report and find that disclosure of the report or any part of it is neither required nor justified to meet the ends of justice.

The report consists of material which is either confidential in nature, or readily known to the public, or available from other sources.[2] Large portions of the report deal with matters which have either been publicized already by the press or are readily available from sources other than the presentence report. The residue contains information, the disclosure of which would undermine the integrity of the fact-gathering procedure involved in preparing presentence reports.

Not long before the American Lawyer filed this motion, the Washington Post applied by letter for similar relief. In denying that request, I set forth the reasons quoted below which apply to the current motion as well:

> It has been the universal practice in this district, and I believe in most United States District Courts throughout the country, to make probation reports and annexed material available only to the defendant, his counsel and the United States Attorney's Office. So emphatically is this the case, that the Chief United States Probation Officer of this District advises me that he knows of no instance of the release of such information in the last thirty years, which is the period of his experience.
>
> The reason for this policy is not capricious. It is to protect the confidentiality of those furnishing information to the Probation Officer who makes up the presentence report, thereby encouraging the frankness of informants, and the availability of such information. The policy

for preserving the confidence of the documents may be appropriately compared to the policy of so-called shield statutes which have been enacted to protect a reporter from having to reveal his sources.

The Court of Appeals of this Circuit has considered the matter of release of presentence reports to third parties in detail in *United States v. Charmer Industries, Inc.*, 711 F.2d 1164 (2d Cir.1983), particularly pages 1172 through 1176. The Court concluded that disclosure should not be made in the absence of a "compelling need for disclosure to meet the ends of justice." In my view, the case at hand does not meet that standard.

To the contrary, it is my firm belief that between the availability of the transcript of the hearing on Mr. Boesky's sentence on December 3rd, which has been made available to the press, and the open discussion which will take place at the actual sentencing on December 18th, the public will be thoroughly informed with the exception of precise details of Mr. Boesky's cooperation with the government. As to that material, the public will be informed as developments ripen.

The motion is denied.

It is so ordered.

---

**2.** *See Charmer*, 711 F.2d at 1177 ("A central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources.").